UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1646 JGB (KKx)** | Date | January 22, 2021 |
| Title | *Sarah Weeks v. La Quinta Holdings Inc., et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion for Leave to Amend Complaint and to Remand (Dkt. No. 26); and (2) VACATING the January 25, 2021 Hearing (IN CHAMBERS)**

Before the Court is a motion for leave to amend complaint and to remand filed by Plaintiff Sarah Weeks. ("Motion," Dkt. No. 26.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The hearing scheduled for January 25, 2021 is VACATED.

## I. BACKGROUND

On April 10, 2019, Plaintiff filed her Complaint against Defendants La Quinta Holdings, Inc, LQ Management, L.L.C, and Does 1-25 in the Superior Court of the State of California for the County of San Bernardino. ("Complaint," Dkt. No. 1-1.) The Complaint alleges one cause of action for negligence. (Id. ¶¶ 12-19.) On August 28, 2019, Defendant LQ Management, LLC ("LQ") removed the action to federal court on the basis of diversity jurisdiction. ("Notice of Removal," Dkt. No. 1.)

Plaintiff filed the Motion on November 9, 2020, along with the Declaration of Anthony Werbin ("Werbin Declaration," Dkt. No. 26-2). Defendant opposed the Motion on December 8, 2020. ("Opposition," Dkt. No. 29.) Plaintiff replied on December 22, 2020. ("Reply," Dkt. No. 30.)

## II. FACTUAL ALLEGATIONS

Plaintiff alleges the following facts. Defendants LQ Management, LLC ("LQM") and Does 1-25 own, manage, supervise, inspect, and maintain La Quinta Hotel, located at 3555 Inland Empire Blvd., Ontario, California, 91764. (Compl. ¶ 6.) On April 8, 2018, Plaintiff was a paying guest at the Hotel, when she fell on a slick and wet floor in her hotel room. (Id. ¶ 5.) The fall required emergency transportation by ambulance to a hospital and surgery, and caused serious injuries, including seven fractures to Plaintiff's patella. (Id.) While Defendants were on notice of the dangerous condition of the floor and shower area, there were no signs alerting Plaintiff that the floor was wet and slick, or other safeguards to ensure that the water did not leak from the shower into the bathroom area. (Id. ¶ 7.)

The proposed Defendant, H. Alexander Oh, is a manager of the Hotel. (Werbin Decl. ¶ 10.) Plaintiff asserts that Oh failed to ensure that Plaintiff's room was free from dangerous conditions. (Mot.; Werbin Decl. ¶ 11.) Plaintiff argues that, as evidenced in a September 6, 2012 e-mail from Oh, he was aware of the issue of water leaking onto the bathroom floors, but did not fix the issue. (Id. ¶ 12.)

## III. LEGAL STANDARD

After removal, if a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit holds "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). The Ninth Circuit considers five factors when considering a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) the futility of amendment, and (5) whether the plaintiff has previously amended his or her complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186-87 (9th Cir. 1987)).

However, some courts in this circuit have found that "the permissive amendment under Rule 15(a) does not apply when a plaintiff amends her complaint after removal to add a diversity destroying defendant." Chan v. Bucephalus Alternative Energy Group, LLC, 2009 WL 1108744, at *3 (N.D. Cal. 2009) (citing Bakshi v. Bayer Healthcare, LLC, 2007 WL 1232049, at *2 (N.D. Cal. 2007)). These courts consider the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4)

whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); Boon v. Allstate Ins. Co., 299 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

## IV.   DISCUSSION

Plaintiff moves to amend the Complaint to name H. Alexander Oh, a manager of the Hotel, as a Defendant. Because Oh is a California resident, Plaintiff also moves to remand the action to state court, arguing that the Court would no longer have subject matter jurisdiction. After considering the following six factors, the Court DENIES Plaintiff's Motion.

### A.   Necessary Parties Under Rule 19(a)

The Court finds that H. Alexander Oh is not a necessary party under Rule 19(a). A "necessary party" under Rule 19 is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." See CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 805, 912 (9th Cir. 1991) (citation omitted). The Ninth Circuit explains such a rule requires joinder for a party when "complete relief" cannot be accorded without such joinder or that disposing of the action without the joined party may (i) impede that person's ability to protect their interest or (ii) leave an existing party at risk of incurring multiple or inconsistent obligations. See Fed. R. Civ. P. 19(a); Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983).

Here, no such circumstances exist. Plaintiff seeks money damages, and Defendant LQM may be held liable for damages caused by its employees, even if Oh is not joined in this action. See Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (1992) (citing Golceff v. Sugarman, 36 Cal. 2d 152, 154 (1950)). Plaintiff would be able to obtain complete relief in Oh's absence. This factor weighs against amendment.

### B.   Statute of Limitations

The statute of limitations in California for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1. The alleged incident occurred on April 8, 2018. (Compl. ¶ 5.) However, the statute of limitations was tolled from April 6, 2020 until October 1, 2020 in light of the COVID-19 pandemic. California Rules of Court, Emergency Rule 9. While the statute of limitations may have expired in October 2020, Defendant points out that Plaintiff informed Defendant of her intention to file a motion to amend and remand before this date. (Opp'n at 7; Choi Decl. ¶ 10.) However, Plaintiff did not seek to enter into a tolling agreement or file an action against Oh to preserve her right. (Id.) Plaintiff does not address this argument in her Reply. Although an expired statute of limitations generally favors allowing amendment, given these circumstances, the Court finds that this factor is neutral.

### C. Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (finding amendment less than six weeks after complaint to be timely). Here, Plaintiff seeks to amend her Complaint more than one year after removal, and three months before the trial date. Moreover, Defendant argues that Plaintiff knew of Oh's identity in October 2019 and acquired the e-mail at issue in December 2019. (Opp'n at 10.) Yet, Plaintiff only undertook to amend the pleadings in November 2020, long after the deadline to amend the pleadings or add new parties, and after the statute of limitations on any claim against Oh had run. (Id.) Plaintiff responds that while the email that led Plaintiff to investigate Oh's liability was provided in December 2019, moving counsel did not become aware of the document until June 22, 2020, when he took over the case and received the case file. (Reply at 2.) Still, Defendant does not explain prior counsel's delay or the months-long gap between the date of this alleged discovery and Plaintiff's motion. The Court finds that this delay was unreasonable. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006) (noting that an "eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable"). This factor therefore weighs heavily against amendment.

### D. Purpose of Joinder

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). Defendant argues that Plaintiff's motive for adding Oh as a party appears to be solely to defeat jurisdiction. (Opp'n at 7.) However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as Section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants. See IBC Aviation, 125 F. Supp. 2d at 1012 (citing Trotman, 1996 WL 428333, at *1 ("The legislative history to § 1447(e) ... suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion.")). Although Defendant convincingly argues that Defendant seeks to add Oh for the purposes of defeating diversity, Plaintiffs' underlying allegations are not so threadbare as to support a conclusion of bad faith. The Court therefore finds that this factor is neutral.

### E. Validity of the Claims Against the New Defendant

Plaintiff's claims appear to be viable. To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility. Instead, "under section 1447(e), the Court need only determine whether the claim 'seems' valid." Freeman v. Cardinal Health Pharmacy Servs., LLC, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015) (quoting Hardin v. Wal-Mart Stores, Inc., 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011)); see also Sabag, 2016 WL 6581154, at *6 ("In considering the validity of

plaintiff's claims, the [c]ourt need only determine whether the claim seems valid which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (internal quotations omitted).

Here, Plaintiff seeks to assert one cause of action of negligence against Oh. (Proposed First Amended Complaint, Mot. Ex. 3.) To state a claim for negligence, a plaintiff must establish: (1) the defendant had a duty to use due care, (2) the defendant breached that duty, and (3) that breach was the proximate or legal cause of the resulting injury. Hayes v. City of San Diego, 57 Cal. 4th 622, 629 (2013) (citations omitted).

Plaintiff argues that as the Hotel manager, Oh had a duty to ensure that the premises were safe and free of danger. (Reply at 5.) Plaintiff alleges that he had knowledge of a dangerous condition, as evidenced by the 2012 e-mail, and that this dangerous condition was present on the date of the incident and caused Plaintiff's injury. (Id.) Defendant argues that Plaintiff's theory of liability fails because: (1) the issue described in the e-mail was remedied long before the accident and (2) did not cause the spill Plaintiff allegedly slipped on; (3) Plaintiff cannot prove that Oh had notice of the specific condition alleged in her complaint; and (4) there is evidence that Plaintiff slipped on a banana peel, and not water. (Opp'n at 8-9.) However, these are all questions of fact, which do not foreclose Plaintiff's claims as a matter of law. The Court finds that Plaintiff's negligence claim against Oh "seems valid." Freeman, 2015 WL 2006183, at *3. This factor favors amendment.

### F. Prejudice to Plaintiff

The Court finds that Plaintiff would not be prejudiced by denial of leave to amend because Plaintiff may subpoena Oh to testify at trial to, for example, establish La Quinta's actual or constructive knowledge of the dangerous condition at issue. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). In turn, Defendant would be prejudiced if the case were to be remanded on the eve of trial, having expended significant resources to prepare the case. (Opp'n at 9; Choi Decl. ¶ 12.) This factor therefore weighs against amendment.

Considering the above factors as a whole, the Court finds amendment is not warranted. While the claims against Oh seem to be facially valid, the proposed Defendant is not a necessary party, the significant delay in seeking amendment is Plaintiff's own doing, and Plaintiff would not be prejudiced by a denial of leave to amend. Accordingly, the Court DENIES the Motion to amend. Having determined that leave to amend is not warranted, the Court further DENIES the Motion to remand, because Plaintiff does not argue another ground for remand.

### V.   CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion. The hearing set for January 25, 2021 is VACATED.

**IT IS SO ORDERED.**